UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA           :

         - against -               :         MEMORANDUM DECISION

SWAHILI JOHNSON,                   :         13 Civ. 3968 (DC)
                                             12 Civ. 1802 (DC)
              Defendant.           :         05 Cr. 1234 (DC)

- - - - - - - - - - - - - - - - -x

APPEARANCES:      PREET BHARARA, Esq.
                  United States Attorney for the Southern
                       District of New York
                  1 St. Andrew's Plaza
                  New York, New York 10007

                  SWAHILI JOHNSON
                  Defendant Pro Se
                  FCI Ray Brook
                  Federal Correctional Institution
                  P.O. Box 9003
                  Ray Brook, New York 12977

CHIN, Circuit Judge

On June 8, 2006, defendant Swahili Johnson pled guilty to conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base, commonly known as "crack cocaine," in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. On November 29, 2006, I sentenced him principally to a term of imprisonment of 262 months. Thereafter, pursuant to the crack Guidelines amendments, I

reduced his sentence twice: first, to 212 months, and second, to 188 months.

Proceeding pro se, Johnson now moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the grounds that: (1) he was denied effective assistance of counsel at his initial sentencing; and (2) this Court violated his right of due process under the Fifth Amendment to the United States Constitution. For the reasons set forth below, the motion is denied.[1]

## BACKGROUND

### A. The Facts

Beginning on May 24, 2005, detectives with the New York City Police Department began a long-term undercover investigation into a crack cocaine trafficking organization operating out of an apartment in the McKinley Housing Development in the Bronx, New York. (PSR ¶ 11).[2] The

---

[1] Because I find that "it plainly appears from the face of the [section 2255] motion . . . and the prior proceedings in the case that [Johnson] is not entitled to relief," I do not order the United States Attorney to file an answer to the instant motion. See Rules Governing Section 2255 Proceedings for the U.S. Dist. Courts 4(b); Armienti v. United States, 234 F.3d 820, 822-23 (2d Cir. 2000).

[2] References are as follows: "Ind't" to the Superseding Indictment filed February 23, 2006; "Plea Tr." to the transcript of Johnson's June 8, 2006 plea allocution; "PSR" to the Presentence Investigation Report dated November 17, 2006;

investigation revealed that Johnson lived in the apartment. (Id.).

On twenty-three separate occasions over a period of six months, an undercover law enforcement agent purchased multiple bags of crack cocaine from the organization. (Id.). Johnson was present for at least eight of those sales, which involved as many as approximately seventy bags of crack cocaine at a time (e.g., on September 8, 2005).[3] (Id. ¶¶ 12-14, 17-21; Plea Tr. at 16-17).

On November 23, 2005, Johnson was arrested. (PSR ¶ 26). The same day, law enforcement agents obtained a search warrant and seized from the apartment approximately one kilogram of cocaine, which was packaged in the form of a large brick, and

---

"11/21/2006 Letter" to the letter from Johnson's counsel stating objections to the PSR dated November 21, 2006; "Sent. Tr." to the transcript of Johnson's November 29, 2006 sentencing; "Bethea Sent. Tr." to the transcript of co-defendant Steven Bethea's February 22, 2007 sentencing; "10/14/2009 Letter" to the letter from Johnson's counsel in anticipation of re-sentencing dated October 14, 2009; "10/30/2009 Order" to the Order Regarding Motion for Sentence Reduction dated October 30, 2009; "2/23/2012 Order" to the Order Regarding Motion for Sentence Reduction dated February 23, 2012; "3/28/2012 Order" to the Order of Dismissal dated March 28, 2012; "Affidavit" to Johnson's affidavit in support of his § 2255 motion dated June 3, 2013; and "Def. Mem." to Johnson's § 2255 motion dated June 3, 2013.

[3]  At sentencing, defense counsel advised that a bag contains approximately one tenth of one gram of crack cocaine, based on his understanding that a bag of crack cocaine cost $5 or $10. (Sent. Tr. at 14).

seven grams of heroin, which was found in a large packet containing 100 individual glassine envelopes. (Id. ¶ 22). Law enforcement agents also found an unloaded gun and nine bullets in what appeared to be a children's room. (Id. ¶ 23).

B.  **Prior Proceedings**

On February 23, 2006, Johnson and four other defendants were charged in a Superseding Indictment with conspiracy to distribute and possess with intent to distribute fifty grams and more of mixtures and substances containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846. (Ind't ¶¶ 1-3).

On June 8, 2006, Johnson pled guilty before Magistrate Judge Andrew J. Peck, without a plea agreement, to one count of conspiracy to distribute and possess with intent to distribute fifty grams and more of crack cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). (Plea Tr. at 6-7, 15).

On November 29, 2006, I accepted Johnson's plea and sentenced him principally to 262 months' imprisonment, approximately a ten percent downward variance from the bottom end of the range of 292 to 365 months under the United States Sentencing Guidelines Manual (the "Guidelines" or "U.S.S.G."). (Sent. Tr. at 3, 17; PSR at 21).

On October 30, 2009, pursuant to a crack cocaine Guidelines amendment, I reduced Johnson's sentence to 212 months' imprisonment, approximately a ten percent downward variance from the bottom end of the Guidelines range of 235 to 293 months. (10/30/2009 Order).

On February 23, 2012, pursuant to another crack cocaine Guidelines amendment, I reduced Johnson's sentence to 188 months' imprisonment, the bottom of the Guidelines range of 188 to 235 months. (2/23/2012 Order at 2, 4). I determined that a variance below the Guidelines range was not permitted under U.S.S.G. § 1B1.10(b)(2)(A). (Id. at 2-3).

On March 6, 2012, Johnson filed an appeal and a § 2255 motion. I denied Johnson's § 2255 motion without prejudice as premature, to await the outcome of the appeal. (3/28/2012 Order at 2). On May 23, 2013, the Second Circuit affirmed, agreeing that Johnson was not eligible for a downward variance. United States v. Erskine, 717 F.3d 131, 141 (2d Cir. 2013).

The instant motion was filed on June 7, 2013.

### DISCUSSION

Johnson moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, which ultimately was reduced to 188 months' imprisonment. First, Johnson alleges that he was denied effective assistance of counsel because, without

-5-

Johnson's consent, his counsel stipulated to the quantity of crack cocaine involved and then did not timely challenge this quantity for sentencing purposes. (Def. Mem. at 3, 7). Second, Johnson alleges that this Court violated his right of due process by failing to establish that he knowingly and voluntarily stipulated to the quantity of crack cocaine underlying his sentence. (Id. at 11). Johnson's motion is denied because both claims fail, as explained below.

A. Ineffective Assistance of Counsel

1. Applicable Law

To demonstrate ineffective assistance of counsel, the defendant must satisfy the two-prong test established in Strickland v. Washington. See 466 U.S. 668, 687 (1984). He must first demonstrate that his counsel's representation "fell below an objective standard of reasonableness" under prevailing professional norms. Id. at 688. In evaluating counsel's performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

If counsel's performance was unreasonable, that alone does not warrant setting aside the judgment. Id. at 691. The defendant must next demonstrate under the second prong of the test that counsel's unreasonable performance prejudiced the

defendant. Id. The defendant must demonstrate that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Where a defendant's conviction resulted from his own guilty plea, he must show that "there is a reasonable probability that were it not for counsel's errors, he would not have pled guilty and would have proceeded to trial." United States v. Arteca, 411 F.3d 315, 320 (2d Cir. 2005) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Where a defendant makes a claim of ineffective assistance of counsel with respect to sentencing, he "must show a reasonable probability that, but for counsel's substandard performance, he would have received a less severe sentence." Gonzalez v. United States, No. 10-3630-pr, 2013 U.S. App. LEXIS 13912, at *32 (2d Cir. July 10, 2013).

2. **Application**

Johnson fails to demonstrate that his counsel's assistance did not meet an objective standard of reasonableness or that he was prejudiced by counsel's allegedly deficient performance. Johnson contends that his counsel erred by: (i) stipulating, without Johnson's consent, to a quantity of crack cocaine that put him in a higher base offense category under the Guidelines than was accurate; and (ii) failing to challenge the crack cocaine quantity prior to direct review,

-7-

which counsel knew resulted in "waiv[ing]" and "abandon[ing]" the argument. (Def. Mem. at 3, 7).

Johnson supports these allegations by arguing that his counsel did not "'subject the prosecution's case to a meaninful [sic] adversarial testinbg [sic].'" (Id. at 7 (quoting United States v. Cronic, 466 U.S. 648, 659 (1984)). In Cronic, the Court held that, where defense counsel "entirely fails" to do so, "the adversary process itself [is] presumptively unreliable." 466 U.S. at 659. The Court made clear, however, that such a presumption, which does not require a specific showing of prejudice, is rare. Id. at 659-62. As an example of the magnitude of "'constitutional error'" required to find a Sixth Amendment violation without showing specific errors of counsel, the Court cited the denial of the right of effective cross-examination. Id. at 659 & n.26 (citing Davis v. Alaska, 415 U.S. 308, 318 (1974)).[4]

Here, even assuming Johnson's allegation that he never explicitly authorized counsel to stipulate to 1.5 kilograms of

---

[4] In Cronic, the Court held that there was no "'constitutional error,'" finding that defense counsel had provided effective assistance, even given the limited time between counsel's appointment and the start of trial and that counsel was young, principally practiced real estate, and was conducting his first jury trial. United States v. Cronic, 466 U.S. 648, 659, 663-65 (1984).

crack cocaine is true, he has not established objectively unreasonable representation.

First, the record as a whole demonstrates that counsel was not ineffective. To the contrary, defense counsel (Avrom Robin of the Law Offices of Ira D. London) was an able and experienced criminal practitioner who was well-prepared and familiar with the case. He vigorously represented Johnson from the inception of the case, and "had detailed discussions" with the government on Johnson's behalf. He argued extensively for a lower sentence and persuaded me to impose a below-guidelines sentence. (Sent. Tr. at 5-10, 15). Indeed, at his guilty plea Johnson stated under oath that he was satisfied with the representation he had been receiving. (Plea Tr. at 7). See, e.g., United States v. Logan, 845 F. Supp. 2d 499, 511-12 (E.D.N.Y. 2012) (noting as persuasive evidence against ineffective assistance claim that defendant had stated under oath that he was satisfied with counsel's representation).

Second, counsel acted reasonably in stipulating to 1.5 kilograms of crack, for there is nothing in the contemporaneous record to suggest that Johnson disputed the quantity.[5] The PSR

---

[5] Johnson has never explicitly denied that he was responsible for 1.5 kilograms of crack cocaine. He merely states now -- after the fact -- that he informed his lawyer that he was

set forth and then adopted the government's contention that Johnson and five co-defendants were all responsible for "over 1.5 kilograms of cocaine base." (PSR ¶¶ 30, 37). After noting that he had reviewed the PSR with his client (Sent. Tr. at 3 (Johnson acknowledged under oath that he read the PSR and discussed it with his lawyer)), Johnson's counsel noted an objection to paragraph 61 of the PSR, which referenced a 2003 conviction. Counsel noted "for the record" that his client's recollection was that the quantities involved in that prior conviction "were not as high" as were reflected in the PSR. (Sent. Tr. 4-5; PSR ¶ 61). Counsel did not note any objection to the more than 1.5 kilograms of cocaine base referenced in paragraphs 30 and 37 of the PSR, and, surely, if Johnson had conveyed to counsel any objection to paragraphs 30 and 37, counsel would have relayed the objection to the Court, just as he did Johnson's objection to paragraph 61. (See Sent. Tr. 4-5; see also PSR at 19 (Addendum)). Moreover, as discussed below, notwithstanding counsel's stipulation, I raised the issue of quantity and found that the record established more than 1.5 kilograms of crack. (Sent. Tr. at 12-15). During this

---

responsible for approximately forty-five grams of crack cocaine. (Affidavit at 1). This statement is inconsistent with Johnson's own statements, as he admitted under oath at his plea allocution that he was responsible for "50 grams or more" of crack cocaine. (Plea Tr. at 16).

discussion, counsel made clear that he did not stipulate to the quantity lightly, but that he did so only after "detailed discussions about the weight" with the government. (Id. at 15).

Accordingly, counsel did not act unreasonably, and Johnson has not met the first prong of Strickland.

In addition, even assuming that counsel's assistance did not meet an objective standard of reasonableness, Johnson still does not prevail on this claim. Johnson has not shown, with reasonable probability, that his counsel's allegedly deficient performance prejudiced his sentencing because I made an independent factual determination, by a preponderance of the evidence, that Johnson was responsible for 1.5 kilograms of crack cocaine. (Id. at 16). See Bennett v. United States, 663 F.3d 71, 87-89 (2d Cir. 2011) (disposing of claim solely on prejudice prong); cf. United States v. Martinez, Nos. 12 Civ. 3573, 06 Cr. 987, 2013 U.S. Dist. LEXIS 100669, at *13-14 (S.D.N.Y. July 18, 2013) (disposing of claim solely on objective reasonableness prong).

The Second Circuit has held that drug quantity is not an element of a charge under 21 U.S.C. §§ 841(a)(1) and 846, as long as the type and quantity of drugs involved in the charged crime are not used to impose a sentence above the statutory maximum, and that therefore it may be determined by the

sentencing judge, by a preponderance of the evidence. See United States v. Thomas, 274 F.3d 655, 659, 663-64 (2d Cir. 2001) (en banc). Here, the charge of conspiracy to distribute and possess with intent to distribute fifty grams or more of crack cocaine carried a statutory maximum sentence of life imprisonment. 21 U.S.C. § 841 (2006).[6] (See also Plea Tr. at 6). Accordingly, the quantity of drugs involved was not used to impose a sentence above the statutory maximum.

At sentencing, I determined that Johnson was responsible for more than 1.5 kilograms of crack cocaine. The conspiracy went on for at least six months, and there were twenty-three buys by an undercover law enforcement agent over the course of those six months. (Sent. Tr. at 16). Of course, there were far more than twenty-three sales, as there surely were many more sales that did not involve undercover agents.

---

[6] The Fair Sentencing Act of 2010 (the "FSA") changed the amount that triggers the ten-year mandatory minimum and life sentence maximum from 50 grams to 280 grams. See Pub. L. No. 111-220, 124 Stat. 2372. This FSA provision does not apply retroactively. See United States v. Gardner, 837 F. Supp. 2d 346, 349-50 (S.D.N.Y. 2011) (FSA provisions that reduced sentencing disparities between powder and crack cocaine offenses do not apply retroactively to defendants charged with conspiracy to possess with intent to distribute crack cocaine for pre-FSA conduct); United States v. Santana, 761 F. Supp. 2d 131, 147-51 (S.D.N.Y. 2011) (same). Moreover, the current statutory maximum for 50 grams of cocaine base is forty years, which is well above Johnson's sentence. 21 U.S.C. § 841(b)(i)(B).

There were also seven grams of heroin and one kilogram of cocaine in the apartment when Johnson was arrested at the end of the six-month period. (Id. at 14). Additionally, Johnson was one of the two leaders of the operation, which involved at least six individuals. (See, e.g., Sent. Tr. at 13; Bethea Sent. Tr. at 4; PSR ¶¶ 2, 6-10, 11-25). As a co-leader, all of the organization's sales were reasonably foreseeable to Johnson, and he was responsible for the group's sales even when he was not present. See United States v. Jackson, 335 F.3d 170, 181 (2d Cir. 2003) (noting a defendant is liable for drug quantity where she knew of the quantity and substance involved, or it was at least reasonably foreseeable to her); cf. United States v. Adams, 448 F.3d 492, 494 (2d Cir. 2006) (vacating sentence where the defendant admitted involvement in drug conspiracy but did not allocute to the requisite statutory quantity). Finally, as discussed above Johnson did not object to paragraphs 30 and 37 of the PSR, which set forth the government's assertion and the Probation Department's finding that he was responsible for more than 1.5 kilograms of crack.

Based on my independent factual determination, I found that "more likely than not the quantity [of 1.5 kilograms of crack cocaine] would be there." (Id. at 16). Accordingly, Johnson has not shown that he would have "received a less severe

sentence" had his counsel provided, in his opinion, more effective assistance. Gonzalez, 2013 U.S. App. LEXIS 13912, at *32.

## B. District Court's Violation of Johnson's Right of Due Process

### 1. Applicable Law

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, a court must ensure that a plea is made voluntarily before accepting it. Fed. R. Crim. P. 11(b)(2). To determine that a plea is voluntary rather than the result of force, threat, or promises (other than within any plea agreement), "the court must address the defendant personally in open court and determine that the plea is voluntary." Id. Under the Due Process Clause, a guilty plea is knowing and voluntary only if it is made "'with sufficient awareness of the relevant circumstances and likely consequences.'" Adams, 448 F.3d at 497 (quoting Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005)).

The Second Circuit has held that a guilty plea is considered knowing and voluntary if a court finds, based on the record, that the defendant: (1) was "competent to proceed" and had "an awareness of the true nature of the charge against him"; (2) had "a rational as well as factual understanding of the proceedings against him"; and (3) had "knowledge of the nature of the constitutional protections" that he has foregone.

-14-

Oyague v. Artuz, 393 F.3d 99, 106 (2d Cir. 2004) (citation omitted).

Pursuant to Rule 11, a variance from this requirement is considered harmless error if a defendant's substantial rights are not affected. Fed. R. Crim. P. 11(h).

### 2. Application

Johnson contends that this Court erred because it failed to establish that Johnson knowingly and voluntarily stipulated to the quantity of crack cocaine underlying his sentence, which violated his right of due process under the Fifth Amendment of the United States Constitution. (Def. Mem. at 11). The claim fails.

At his plea allocution, Magistrate Judge Peck determined that Johnson "understands the charges he's facing and the consequences of pleading guilty." (Plea Tr. at 19). Magistrate Judge Peck also determined that Johnson's guilty plea was made "freely, voluntarily and knowingly and that there is a factual basis for the plea." (Id.). This determination was made based on Johnson's responses under oath to the court's thorough questioning:

> THE COURT: [D]o you feel physically and mentally all right and able to proceed in court today, Mr. Johnson?
>
> DEFENDANT JOHNSON: Yes, sir.

. . .

THE COURT: [A]re you satisfied with the representation you have been and are receiving from [defense counsel].

DEFENDANT JOHNSON: Yes.

. . .

THE COURT: Mr. Johnson, have any threats been made to you by anybody to convince or influence you to plead guilty?

DEFENDANT JOHNSON: No, sir.

THE COURT: Other than what is mentioned in [the Pimentel] letter, have any promises been made to you by anybody to convince or influence you to plead guilty?

DEFENDANT JOHNSON: No, sir.

THE COURT: And in particular, Mr. Johnson, have any promises been made to you in any way, shape or form as to the sentence that you will receive from Judge Chin?

DEFENDANT JOHNSON: No, sir.

. . .

THE COURT: [A]re you [pleading guilty] freely and voluntarily because you in fact are guilty?

DEFENDANT JOHNSON: Yes, sir.

. . .

THE COURT: Please tell me in your own words, Mr. Johnson, what it is that you did.

> DEFENDANT JOHNSON: Between May 2005 and October 2005, with others, to sell crack cocaine, 50 grams or more in the Bronx.

(Id. at 3, 14-16).

As the record reflects, Johnson explicitly admitted he was responsible for "50 grams or more" of crack cocaine. (Id. at 16). Johnson was informed that pleading guilty to this charge entailed a statutory maximum sentence of life imprisonment, and he acknowledged that he understood as much. (Plea Tr. at 6-7). Considering the record, I find no evidence to suggest that Johnson's guilty plea was not knowingly and voluntarily entered. See, e.g., Sims v. Ricks, No. 01 Civ. 9993, 2002 U.S. Dist. LEXIS 14473, at *7-11 (S.D.N.Y. Aug. 5, 2002) (plea was made knowingly and voluntarily, where defendant told judge that he understood the charges against him, admitted he was guilty of criminal possession, and stated he was not "forced" or "threatened" into pleading guilty).

To the extent that Johnson contends that he did not allocute to 1.5 kilograms of crack cocaine specifically, as previously discussed, Johnson was not required to allocute to an amount beyond the statutory quantity of fifty grams or more. Moreover, as discussed above, I made a finding, by a preponderance of the evidence, as to the quantity of crack cocaine involved. Consequently, there was no error, and even

assuming that there was any error with respect to Johnson's plea, the error was harmless, as his substantial rights are unaffected.

## CONCLUSION

For the reasons set forth above, Johnson has failed to demonstrate any basis for relief under 28 U.S.C. § 2255; accordingly, the motion is denied. Because Johnson has not made a substantial showing of the denial of a constitutional right, I decline to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2). I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this decision and order would not be taken in good faith.

The Clerk of the Court shall close this case.

SO ORDERED.

Dated: New York, New York
July 29, 2013

DENNY CHIN
United States Circuit Judge
Sitting by Designation